**Lopez v. Vasquez**

C.P. of Delaware County, No. 2014-009787
*Beth Lyons*, for defendant/appellee.

DOZOR, *J.*, Jan. 13, 2015—This Appeal is considered

as a direct appeal from this court's December 8, 2014 "order dismissing petition for emergency relief." The nature and history of the case is as follows:

On October 30, 2014 appellant's attorney of record filed simultaneously: an entry of appearance, a "complaint in custody," and a "motion to incorporate stipulation for custody," with the "stipulation and agreement of custody" in the above captioned Delaware County docket. This initial filing of a complaint of custody began the normal and customary process filed in the Court of Common Pleas of Delaware County, Family Court Division and was assigned a custody conference hearing date before a master and the case was also assigned to the undersigned judge. In this case, appellant was scheduled before master Amanda Konyk for a custody conference on November 24, 2014 at 9:00AM. Master Konyk continued the custody conference on November 24, 2014 until December 5, 2014 at 9:00AM.

On December 5, 2014, the parties, appellant and minor child, were before master Konyk. Following the custody conference before master Konyk, master Konyk authored a temporary custody order providing appellant with temporary legal and physical custody of minor child. This court notes that on December 8, 2014, the undersigned judge confirmed and signed the temporary custody order authored by master Konyk and thereafter, the temporary custody order was docketed by the office of judicial support on December 9, 2014.

Immediately following master Konyk's issuance of the temporary custody order, appellant filed a petition for emergency relief on December 5, 2014. This petition for emergency relief was provided to this court, as this court was the assigned judge for the custody complaint. After a thorough review of the petition for emergency relief filed

by counsel and the December 5, 2014 temporary custody order, this court issued an order on December 8, 2014 denying and dismissing the petition for emergency relief. This court noted in the December 8, 2014 order that the Patricia Guadalupe Felix Coronado was no longer a "minor child" as her eighteenth birthday passed on December 6, 2014 since her date of birth is December 6, 1996.

On December 22, 2014, appellant simultaneously filed a "petition for reconsideration of order dismissing petition for emergency relief" as well as "plaintiff's exceptions to master's recommendations." Again in the normal and customary practice in the Court of Common Pleas of Delaware County, this petition for reconsideration and the appeal *de novo* which was captioned as "plaintiff's exceptions to master's recommendations" were provided to the undersigned judge. This court consolidated the two Petitions and scheduled a pre-trial conference date in this matter for February 3, 2015 at 11:00AM. In scheduling this matter for a pre-trial conference, this court required appellant to provide this court with statutory authority that would enable this court to provide appellant with further relief as the "subject child" is currently eighteen (18) years of age.

Despite not having a final custody order in this case, and despite the fact that appellant had requested a hearing *de novo* before this court, appellant filed, on January 7, 2015, this appeal before the Superior Court. This court notes that no request was made by this court by appellant pursuant to Pennsylvania Rules of Appellate Procedure 1925(a) for a concise statement of matters complained of on appeal as appellant filed her concise statements contemporaneously with her notice of appeal as appellant is seeking designation of this appeal as a children's fast track appeal.

This court has reviewed appellant's concise statements of matters raised on appeal and these are the issues of appeal related to this court's December 8, 2014 "order dismissing petition for emergency relief:"

1. The court committed an error of law and an abuse of discretion in refusing to sign the stipulated custody agreement and by signing the master's temporary custody order as the master's temporary order does not make a finding of abuse, abandonment or neglect nor does the temporary custody order make a finding that it is in the best interests of the "child" not to return to Guatemala.

2. The court committed an error of law and an abuse of discretion in determining that relief requested in the emergency petition was moot as appellant alleges that the issue is not moot despite the fact that the "subject child" is eighteen, appellant maintains that this court continues to have jurisdiction because she remains enrolled in school past her eighteenth birthday.

## DISCUSSION:

This court in preparing this opinion has reviewed all the documents in the case. This court notes that Ms. Coronado has been in the care of appellant since October of 2013, according to the stipulation for agreed upon custody, yet appellant waited until just over a month before Ms. Coronado's eighteenth birthday to file the necessary paperwork for custody and to obtain the special immigrant juvenile Status

Appellant suggests this court erred as Ms. Coronado continues to need a custody order, despite the fact that she is eighteen (18), because she remains enrolled in high school. Additionally, appellant argues that this court erred in not signing the order accompanying the stipulated

custody agreement and that this court erred when it instead simply signed the temporary custody order. In concert with both arguments, appellant alleges that the denial of the emergency petition for relief was in error as there was cognizable relief available to appellants.

In the December 8, 2014 order, this court noted that although Ms. Coronado was no longer a "minor child" she was currently in High School and remains enrolled in the tenth (10th) grade. In dismissing the emergency petition, this court noted that the petition for emergency relief's wherefore clause, sought relief from this court to grant appellant the relief requested by granting appellant custody "over the child." This court notes now, as it did then that Patricia Guadalupe Felix Coronado, is no longer a child and since her eighteenth birthday has become an adult under the applicable Pennsylvania Custody Statutes.

Appellant's argument is that because Patricia Guadalupe Felix Coronado is currently enrolled and attending high school, she is jurisdictionally a "minor child" for whom this court retains jurisdiction over for the purposes of determining custody. Appellant analogizes that for the purpose of support, the support statutes permit the court to retain jurisdiction and enforcement purposes require a parent to continue to support a "child" who is no longer under the age of eighteen as long as that "child" remains enrolled in high school. A thorough review of the relevant Pennsylvania Statutes, Rules of Civil Procedure and case law is not in agreement with appellant's position. There is no analogous statute or rule of law or case law in the Commonwealth of Pennsylvania that provides that a parent maintains custodial rights over their child or any child for which there was a prior custody order, after that child reaches the age of majority in the United States, that being eighteen (18).

23 Pa.C.S.A. Section 5321(a), contains the definition for Chapter 53: child custody. A review Section 5321(a) reveals that the following two definitions relates to the entire chapter on child custody:

"Adult." Any individual 18 years of age or older.

"Child." An unemancipated individual under 18 years of age.

There is no statute or commentary in 23 Pa.C.S.A. Chapter 53, which provides that an individual who has reached the age of majority, eighteen (18) years of age, must remain in the physical custody of a legal parent or guardian as long as that person remains in enrolled in a high school. Additionally, this court has reviewed the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) wherein the term child is as "an individual who has not attained 18 years of age." *See* 23 Pa.C.S.A. Section 5402. Finally, this court notes that a review for 23 Pa.C.S.A. Section 5101 "Attainment of full age," provides that any individual who has reached the age of 18 or older may enter into their own contracts and may on their own sue another individual or be sued by an individual. Therefore, this court was correct in the conclusion of the petition for emergency relief that Ms. Coronado is no longer a "child" under the definitions set forth in the Commonwealth of Pennsylvania for which emergency relief in the form of a custody order could have been granted.

This court notes, as it did in its December 8, 2014 order, the petition for emergency relief did not request that this court sign the stipulated custody agreement that had been filed on October 30, 2014. Appellant's petition for emergency relief simply requested "that this honorable court sign an emergency order granting plaintiff custody over the child." This court notes that such an order of

custody has been signed by the court on December 5, 2014 while Ms. Coronado was a "minor child" under the laws of the Commonwealth of Pennsylvania, as she did not turn eighteen (18) years of age until the next day. The December 5, 2014 temporary custody order provided sole legal and sole physical custody of the then minor child to appellant and noted that placement of the then minor child with appellant was in the minor child's best interests. Appellant's issue with the temporary custody order is simply that certain language was not used and specific findings were not made and it is alleged therefore that Ms. Coronado was not able to obtain Special Immigrant Juvenile Status ("SIJS").

This court notes that the the stipulated custody agreement was not presented to this court with the petition for emergency relief. This court notes that the stipulation of custody was presented to master Konyk, who noted in the temporary custody order that an

> Offer of proof was provided by counsel, in conjunction with signed but not notarized or verified as translated by notary "stipulation for agreed custody order," filing that child's parents sent her to the U.S. due to sexual assault allegedly occurring in Guatemala and alleged perpetrator's access to child at the time child was sent to the U.S. A 'Description of Particulars' was provided to the court.

Master Konyk reviewed the documents presented and issued the temporary custody order.

This court has now reviewed the stipulated custody agreement and notes that there purports to be original signatures of appellant and appellee; however, there is no notary or verification that the signatures of appellees are their signatures. This court has reviewed the "description

of particulars of the case of Patricia Guadalupe Felix Coronado" which again is not notarized or verified and while this court is saddened to learn that Ms. Coronado was a young rape victim, this court notes that there is no indication that the torture she endured would continue if she was returned to her country of origin. This court notes that specifically in the "description of particulars," her parents state that is was Ms. Coronado's decision to come to the United States "due to the rape and extreme poverty of her parents."

This court notes that there are documents accompanying the petition for emergency relief related to the motion to incorporate the stipulation for custody as well as the stipulation for an agreed custody order, despite the fact that the petition for emergency relief does not request that this court sign or confirm the stipulated custody agreement. The documents are two letters addressed to master Konyk which purport to be from Mr. Marco Vincio Lopez Maldonado and Mr. Marvin Gilberto Jeronimo Navarro, one letter is in english and one letter is in Spanish. Mr Navarro purports to be an attorney and notary. This court notes that the english translation of the original documents filed by the attorney of record does not contain the signatures of the two men or even the original signature of attorney submitting the document. There is also no notification to this court who translated the accompanying Spanish version of the letter into english. Additionally, there is no notary or attorney seal on the english translated version of the document. This court also notes that the Spanish version of the letter attached to the original petition for emergency relief also does not contain any original signatures or notarized seals.

Furthermore, a review of the document simply states that Mr. Jeronimo met with a Mr. Demetrio Felix

438

Augustin who translated "from the Spanish language to the Mayan Mam language, ...the documents in the case of Patricia Guadalupe Felix Coronado. That day we met with Mr. Armando Melecio Felix Vasquez and Blanca Estela Coronado Ramirez, who are the parents of Patricia Felix." This court notes that the letters submitted were not signed contemporaneously with the documents that were submitted with the stipulation for agreed upon custody, as the letters from Mr. Maldanado and Mr. Navarro were dated December 5, 2014. Additionally, this court notes that the letter from Mr. Maldanado and Mr. Navarro met with appellees on December 4, 2014 to translate the documents and the documents submitted to the court in the motion to incorporate stipulation, specifically the stipulation for an agreed upon custody order is purported to be signed by the appellee's is dated October 7, 2014.

## CONCLUSION:

For all of the foregoing reasons, the trial court's orders should be affirmed.